UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CURTIS L. DOWNING, | Case No. 2:23-cv-0156-ART-BNW |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| AARON FORD, *et al*., | |
| Defendants. | |

On March 27, 2023, the Court dismissed Plaintiff's Complaint without prejudice. ECF No. 5. However, the Court granted Plaintiff leave to file an amended complaint and, after extensions, ordered Plaintiff do so no later than June 20, 2023. ECF No. 10. Plaintiff filed his first amended complaint on June 9, 2023. ECF No. 12. The Court now screens Plaintiff's first amended complaint as required by 28 U.S.C. § 1915(e)(2).

**I. Screening**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

Here, in response to the Court's prior screening order Plaintiff has narrowed his claim asserting that Senate Bill 182, which created the Statute Revision Commission (the "Commission"), is facially unconstitutional. However, as this Court previously found at least ten other similar challenges to the Commission have failed. *Beard v. State of Nevada*, No. 222CV01156RFBBNW, 2022 WL 17253788, at *2 (D. Nev. Nov. 23, 2022) (citing *Marquez-Perez v. Nevada*, No. 222CV00796GMNDJA, 2022 WL 14874980, at *2 (D. Nev. Oct. 25, 2022) (compiling cases).  As Judge Navarro noted:

> The Nevada Supreme Court recently addressed a similar issue in *State v. Taylor*, 472 P.3d 195 (Nev. 2020) (table). In *Taylor*, the appellant claimed that his counsel was ineffective because they failed to challenge the constitutionality of the Statute Revision Commission. *Id.* at 195 at 5. There, the court held that the Justices sitting on the Commission did not violate a constitutional provision because "the Legislative Counsel Bureau — which succeeded the statute revision commission — codifies and classifies" laws "in a logical order, but not itself exercising the legislative function." *Id.* The Court held that the trial court did not err in denying the appellant's claim because she failed to show how the Commission "encroached upon the powers of another branch of government, violating the separation of powers." *Id.*; *see Comm'n of Ethics v. Hardy*, 212 P.3d 1098, 1103 (2009) ("The purpose of the separation of powers doctrine is to prevent one branch from encroaching on the powers of another branch.").

*Marquez-Perez*, 2022 WL 14874980, at *2. Here, Plaintiff's amended complaint fails to allege facts showing the Commission encroached upon the powers of another branch of government and violated the separation of powers. Accordingly, the Court recommends that this action be dismissed for failure to state a claim upon which relief may be granted. Further, the Court recommends that Plaintiff be denied leave to file a second amended complaint because doing so would be futile.

## II. Conclusion

**IT IS FURTHER RECOMMENDED** that Plaintiff be **DENIED** leave to file another amended complaint as futile.

**IT IS FURTHER RECOMMENDED** that the case be **DISMISSED** with prejudice for failure to state a claim and be closed.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: July 3, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE